# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MELIKE DEWEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendants. | No. LA CV 13-03910-VBF (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On April 24, 2014, the United States Magistrate Judge issued a Second Report and Recommendation ("R&R"), recommending that plaintiff's Second Amended Complaint be dismissed and the action terminated with prejudice. Thereafter, on May 19, 2014, plaintiff filed a "Memorandum of Points and Authorities in Objection to Magistrate Judge Abrams' Report and Recommendation" ("Objections" or "Objs."). At the same time, plaintiff filed a "Motion for Leave to File an Amended Complaint" ("Motion"), accompanied by a proposed "Amended Complaint."

/
/
/
/

**DISCUSSION**

Plaintiff raises the following objections: (1) the Magistrate Judge erred by finding her allegations insufficient to state a federal civil rights claim; (2) the PLRA does not apply to her action; and (3) the Magistrate Judge was incorrect in finding that plaintiff failed to prosecute and to follow Court orders. But the only specific argument plaintiff raises is that her facts are sufficient to state a claim because she "had less than five parking ticket citations and California Vehicle Code [] requires that a seizure/impoundment of a vehicle requires five or more." (Objs. at 4-5).[1] An alleged violation of state law is insufficient to state a federal civil rights claim. Rather, in order to state a claim against a particular defendant for violation of her civil rights under 42 U.S.C. § 1983, plaintiff must allege that the particular defendant deprived her of a right guaranteed under the United States Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 624 (9th Cir. 1988).

Further, in her Objections, plaintiff cites to the Court's Order Dismissing Complaint, filed July 16, 2013, and argues that she has "filed an amended complaint to cure other aspects" of that Order. (Objs. at 4-5). However, the pending Second Report and Recommendation to which plaintiff ostensibly addresses her Objections was filed on April 24, 2014, and recommends dismissal of her **SAC**. Plaintiff also argues that the PLRA does not apply to her (Objs. at 6-7), but, as cited in the R&R, 28 U.S.C. § 1915(e)(2) applies to anyone who is proceeding in forma pauperis, as is plaintiff herein.

Plaintiff's Motion must also be denied. In the Motion, plaintiff appears to seek leave to amend her original Complaint, but, as noted, the operative pleading herein is her SAC. Plaintiff already has made two unsuccessful attempts to amend her pleadings. Moreover, in her Motion, plaintiff does not even purport to set forth good cause for the significant delays she has consistently created in this action, which was originally filed on June 11, 2013. Rather, plaintiff

---

[1] The Court notes that plaintiff references her First Amended Complaint ("FAC") in her Objections, but the FAC was dismissed with leave to amend. The operative pleading is plaintiff's Second Amended Complaint ("SAC").

merely states that "she does not agree that she has committed undue delay by taking until now to cure previous deficiencies with her complaint." (Motion at 6). Finally, plaintiff's proposed "Amended Complaint" does not cure the deficiencies in her federal civil rights claims.

Accordingly, after full consideration of the arguments and allegations in plaintiff's Objections, the Court concludes as follows:

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the file herein, the magistrate judge's second report and recommendation, and plaintiff's objections to the second report and recommendation. The Court has engaged in a <u>de</u> <u>novo</u> review of those portions of the second report and recommendation to which objections have been made. The Court accepts the recommendations of the magistrate judge.

ACCORDINGLY, IT IS ORDERED:

1. Plaintiff's motion for leave to file an amended complaint [Doc #21] is DENIED.
2. The second report and recommendation [Doc #18] is accepted.
3. Judgment consistent with this order shall be entered by separate document.
4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED:   October 27, 2014

*Valerie Baker Fairbank*

_____

VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE